# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JAMES CARTER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 92-04829    John P. Colton, Jr., Judge**

---

**No. W2008-01120-CCA-R3-CO  - Filed December 8, 2008**

---

The petitioner, James Carter, appeals the summary dismissal of his petition for writ of error coram nobis, arguing that due process requires that the statute of limitations for filing the petition be tolled. The State has filed a motion requesting that we affirm the summary dismissal pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petitioner filed his petition well outside the one-year statute of limitations and has not shown any reason that the limitations period should be tolled, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

James Carter, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Following a jury trial in 1994, the petitioner was convicted of first degree murder and sentenced to life imprisonment.  His conviction was affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal.  See State v. Carter, 970 S.W.2d 509 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1997).  This court also affirmed the post-conviction court's denial of the petitioner's subsequent petition for post-conviction relief, with our supreme court denying the petitioner's application to appeal that decision.  See James Carter v. State, No. W1999-00799-CCA-R3-PC, 2000 WL 1664260, at *1 (Tenn. Crim. App. Oct. 23, 2000), perm. to appeal denied (Tenn. Apr. 9, 2001).

On July 18, 2007, the petitioner filed a petition for writ of error coram nobis on the basis of newly discovered evidence.  Specifically, he alleged that he learned in March 1999 that one of the State's witnesses who placed him at the murder scene at the time the victim was killed had testified

that same day at another trial and, thus, could not have seen him entering the victim's apartment on the evening of the murder. The petitioner acknowledged that he filed his petition outside the one-year statute of limitations. He contended, however, that due process considerations should toll the limitations period because (1) his post-conviction counsel, to whom he had provided the information, told him that the issue was both without merit and time-barred, and (2) he lacked access to "Premises West Law Computers" while housed at a private prison facility, "which limited [his] access to a meaningful source of valuable legal information."

The State responded with a motion to dismiss, arguing that the petition was time-barred and that the evidence would not have changed the outcome of the trial. With respect to the latter argument, the State asserted that, according to the court reporter's log book, the witness testified in the unrelated trial at 12:30 p.m. on November 22, 1991, which would not have prevented him from witnessing the petitioner entering the victim's apartment at dusk that same day, as he testified at the petitioner's trial. On April 25, 2008, the trial court entered an order summarily dismissing the petition on the basis that it was filed outside the statute of limitations and the petitioner failed to present any new evidence that would have changed the outcome of the trial.

A writ of error coram nobis is an extraordinary remedy by which the trial court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). The statute which makes the remedy available to a criminal defendant in Tennessee provides in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (2006). "As a general rule, subsequently or newly discovered evidence which . . . serves no other purpose than to contradict or impeach the evidence adduced during the course of the trial will not justify the granting of a petition for the writ of error coram nobis when the evidence, if introduced, would not have resulted in a different judgment." State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995) (citations omitted). The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See Mixon, 983 S.W.2d at 666; Hart, 911 S.W.2d at 375.

We agree that the petition was untimely and that due process does not require that the statute of limitations be tolled under the circumstances in this case. See Tenn. Code Ann. §§ 40-26-105, 27-7-103; Mixon, 983 S.W.2d at 667 (stating that the statute of limitations for seeking a writ of error coram nobis is one year from the date the judgment becomes final in the trial court). Although due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled, see Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001), nothing in the record implicates any due process concerns that would require such tolling. The petitioner, by his own admission, first became aware of the alleged newly discovered evidence in 1999, and yet failed to file his petition for writ of error coram nobis until 2007. Furthermore, as the State points out, the petitioner has not

shown that the State's witness was not in a position to see the petitioner on the day of the murder, that the information was not discoverable at the time of trial, or that a different judgment would have resulted had the information been presented at the petitioner's trial. We conclude, therefore, that the trial court's summary dismissal of the petition was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE